| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RIGOBERTO VELASQUEZ-FLORES | MOTION IN LIMINE TO REQUIRE THE GOVERNMENT TO ELECT BETWEEN COUNTS I & II, and III & IV |

The defendant, Rigoberto Velasquez-Flores, by and through counsel, respectfully requests that the Court direct the Government to elect to proceed on either Count I or II, and on either Count III or IV, on double jeopardy grounds of multiplicity.

## BACKGROUND

The four-count federal indictment returned on October 4, 2022, charged Mr. Velasquez-Flores with making false statements in an immigration application submitted on April 24, 2019 (Counts I & II), and on a subsequent related application submitted on August 19, 2019 (Counts III and IV). DE 1. On September 16, 2025, he pled not guilty to all counts. A trial date has not yet been set.

Counts I & II allege the same false statements made on the same form on the same date but cite different statutes. Count I cites 18 U.S.C. § 1546(a) and Count II cites 18 U.S.C. § 1015(a). Counts III and IV also allege the same false statements from the same form. Again, Count III cites 18 U.S.C. § 1546(a), and Count IV cites 18 U.S.C. § 1015(a). DE 1.

1

All four counts allege that Mr. Velasquez-Flores falsely answered "no" to questions regarding previously uncharged conduct. Specifically, the indictment alleges that at the time of the 2019 submissions, Mr. Velasquez-Flores "knew he had committed second-degree rape, on or about November 19, 2013 . . ., and second degree forcible sexual offense, on or about January 24, 2014[.]" DE 1. The federal indictment followed a June 29, 2022 state trial where the jury returned a guilty verdict for the sexual conduct alleged in the federal indictment. Bond Report, DE 18, p.3.

## ARGUMENT

Courts treat "'greater and lesser-included offenses as the same offense for double jeopardy purposes.'" *United States v. Whitley*, 105 F.4th 672, 678 (4th Cir. 2024) (citation omitted).

The alleged violations of 18 U.S.C. § 1015(a) in Counts II and IV are lesser-included offenses of Counts I and III which cite 18 U.S.C. § 1546(a). The charged § 1015(a) offenses "'require[] no proof beyond that which is required for conviction of the greater'" § 1546(a) offenses. *Whitley*, 105 F.4th at 678 (quoting *Brown v. Ohio*, 432 U.S. 161, 168 (1977)). "'The greater offense is therefore by definition the same for purposes of double jeopardy as any lesser offense included in it.'" *Id.*

Count II does not require proof beyond that which Count I requires. The § 1546(a) offense alleged in Count I requires proof of "knowingly" making (1) "a false statement," (2) "under oath," (3) of a "material fact," (4) "in an application required by the immigration laws and regulations," referencing the "Online Immigrant Visa and Alien Registration Application (Form DS-260)." The § 1015(a) offense alleged in Counts II similarly requires proof of "knowingly" making (1) "a false

statement," (2) "under oath," (3) "in a case, proceeding and matter related to his registration," again citing Form DS-260. DE 1.[1]

In short, Count I already covers the proof for Count II. Importantly, both counts rely on the same false statements submitted on the same date on the same form. Count I only requires an additional materiality element, making it the greater offense, and Count II, the lesser.

The same applies to Counts III and IV – same false statements submitted on the same date and on the same form, the I-601A provisional unlawful presence waiver. DE 1. As with Count I, the § 1546(a) offense in Count III has the same elements from the § 1015(a) offense in Count IV and only adds a materiality element. *Id.*

In sum, Counts I and II are multiplicitous for double jeopardy purposes, as are Counts III and IV.

Counsel acknowledges that the "decision whether to require the Government to elect between multiplicitous counts before trial rests within the discretion of the trial court." *United States v. DeLoach*, 208 F.2d 210 (table), 2000 WL 274972, at *1 (4th Cir. 2000); *see also United States v Lewis*, 2015 WL 1526627, at *2, No. 7:14-CR-88-FL (E.D.N.C. Apr. 3, 2015) (noting the Court can "fashion a post-trial remedy" for a multiplicitous indictment). Counsel also recognizes that "the Fourth Circuit has held the chief consideration in multiplicity analysis is whether 'a

---

[1] There is no relevant distinction between "an application required by the immigration laws and regulations," § 1546(a) (Counts I and III), and an application "in any case, proceeding or matter . . . relating to naturalization, citizenship, or registry of aliens," § 1015(a) (Counts II and IV). Rather, the broader category of any application "required by immigration laws and regulations," § 1546(a), subsumes applications "relating to . . . registry of aliens," § 1015(a). Both were preliminary applications to a green card petition submitted by Mr. Velasquez-Flores' wife. Immigration denied these applications after the 2022 state convictions.

3

defendant will receive multiple punishments for a single offense.'" *Lewis*, 2015 WL 1526627, at *2 (quoting *United States v. Colton*, 231 F.3d 890, 910 (4th Cir. 2000)).

Though risk of multiple punishments may be the "chief consideration," it is not the only one. *See United States v. Sue*, 586 F.2d 70, 71 (8th Cir. 1978) (noting the "two principal sources of prejudice," multiple punishments and jury confusion). Several circuits also emphasize risk of prejudice to a defendant, because a "'multiplicitous indictment . . . prejudices the defendant and confuses the jury by suggesting that not one but several crimes have been committed.'" *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008) (quoting *United States v. Hearod*, 499 F.2d 1003, 1005 (5th Cir. 1974)); *see also United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986) (multiplicitous indictment "may prejudice the jury against the defendant"); *United States v. Carter*, 576 F.2d 1061, 1064 (3rd Cir. 1978) (same).

Here, presenting the jury with two counts that charge the same false statement from the same form submitted on the same date creates prejudicial jury confusion "by suggesting that not one but several crimes have been committed." *Williams*, 527 F.3d at 1241.

Minimizing this confusion does not prejudice the Government, since it will not have to 'get into the weeds' and explain to the jury why it is charging the same offense twice.

Finally, at least one court from the Fourth Circuit has required the Government to choose between two counts that relied on the same false statements from the same forms. *See United States v. Smith*, 2010 WL 2749337, at *4, No. 1:09-CR-100 (W.D.N.C. July 12, 2010) (requiring the Government to choose between counts that charged the same criminal conduct -- submission of the same false reports); *see also United States v. Clarridge*, 811 F. Supp. 697, 706-07 (D.D.C. 1992) (requiring the Government to elect between two counts that alleged false answers to

4

"essentially identical questions"). These rulings apply with greater force here, where the multiplicitous counts allege the same false answers to actually "identical questions."

## CONCLUSION

For these reasons, prior to trial, the Court should require the Government to choose between Counts I and II, and between Counts III and IV.

Respectfully submitted this 19th day of September, 2025.

G. ALAN DUBOIS
`           Federal Public Defender

/s/ James E. Todd, Jr.
JAMES E. TODD, JR.
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
201 South Evans Street, Suite 153
Greenville, North Carolina 27858
Telephone: 252-830-2620
Fax: 252-830-2232
E-mail: Jay_Todd@fd.org
N.C. State Bar No. 28832
LR 57.1 Counsel
Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon Assistant U.S. Attorney Logan Liles, via CM/ECF.

This the 19th day of September, 2025.

G. ALAN DUBOIS
Federal Public Defender
/s/ James E. Todd, Jr.
JAMES E. TODD, JR.
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
201 South Evans Street, Suite 153
Greenville, North Carolina 27858
Telephone: 252-830-2620
Fax: 252-830-2232
E-mail: Jay_Todd@fd.org
N.C. State Bar No. 28832
LR 57.1 Counsel
Appointed